FRANCIS BURNHAM *vs.* ANDREW STORY & another.

The mill act of 1714 applied as well to mills then existing, as to those to be thereafter erected; and the owner of land which is flowed by means of a dam erected prior to 1714 has no right to break down the dam, but must seek his remedy under the mill acts.

Accepting a grant prior to 1714 of liberty to set up a mill, not damnifying other grants previously made, and under a restriction that the same should be so enjoyed that the water should not be kept back to the injury of the owners of lands above, did not prevent the grantee and his assigns from availing themselves of the subsequent mill acts to determine the damages caused by the flowing of land by means of their dam.

TORT to recover damages for breaking down a mill-dam of the plaintiff, which he claimed he had a right to maintain for his ancient grist-mill and bark-mill in Ipswich.

At the trial in the superior court, it appeared that the plaintiff claimed the right to maintain his dam under a grant of the town in 1670 to William Story, the record of which is as follows : " Towne meeting the 21 of Febr. 1670. Granted liberty to Wm. Story to sett vp a corne mill and fulling mill at Chebacho river, not damnifieing other grants, provided he take none of the timbar from off the towne's comons." The defendants contended that the dam was erected under a grant of the town in 1667 to Thomas Burnham, the record of which is as follows : " Att a towne meeting the 23ᵈ of May 1667. Granted vnto Thomas Burnam liberty to sett vp a saw mill vpon Chebacho river neare the falls, not preiudiceing Mᵣ Wade's grant." And the defendants offered to prove that the last named grant was with the restriction and limitation that the same should

be so enjoyed that the water should not be kept back to the injury of the owners of lands above ; that the grant to Story was under restrictions to the same effect; and that they, and others whom they claimed to represent, were owners of lands above which were flowed and materially injured by the water kept back by the dam ; and that the restrictions above referred to have always been observed and regarded till within less than twenty years, and that until within less than twenty years there has never been any constant use of the dam, and in summer the gates had not been kept shut, and the lands not flowed or injured.

Upon the statement of this offer, *Putnam,* J. suggested that in his opinion these facts, if proved, would afford no justification for breaking down the plaintiff's dam ; whereupon a verdict was returned, by consent, for the plaintiff, for an agreed sum, and the defendants alleged exceptions.

*S. B. Ives, Jr. & G. Wheatland,* for the defendants.

*J. C. Perkins & A. A. Abbott,* for the plaintiff.

CHAPMAN, J. The provincial act of 1714, Anc. Chart. 404, respecting the flowing of lands by mill owners, applied as well to mills then existing, as to mills to be erected afterwards ; and from that time to the present, remedies by mill owners for flowing lands have been under the provisions of that act, and similar acts subsequently passed. If therefore the defendants had any remedy against the plaintiff for flowing their lands by means of his dam, they should have sought it under the mill acts. They had no right to demolish the dam.

It is proper however to say that the court do not intend to decide that when a mill owner has taken a conveyance which definitively settles the extent of his right to flow, or when he has made an agreement in legal form which is intended by the parties to settle his rights, as a substitute for a legal process, he may afterwards raise his dam and claim the benefit of the mill act in respect to the increased flowing which is thereby occa sioned. In the present case, the ancient votes under which the plaintiff's title was originally derived do not show any such settlement of the mill owner's rights.

As to the damages, the parties agreed upon the amount, and the report presents no question which is open in this court.

*Exceptions overruled.*